GARRISON, Judge.
This is an appeal from a judgment of the district court, granting to plaintiff-lessor, Patrick J. Tomeny, rent arrearages and costs of eviction totaling $4,226.00, plus legal interest and costs. The trial court rejected plaintiff-lessor’s demands for damages to and costs of cleaning the premises, removal of certain property from the premises, and attorney’s fees. The trial court additionally found the defendant-lessee, William Boykin, to be personally liable, despite defendant’s contention that he was merely acting as an agent on behalf of Boykin Truck Centre, Inc. From that judgment, which we now affirm, defendant appealed.
On appeal defendant-appellant alleges that the trial court erred in declaring William Boykin personally liable, and in awarding the costs.
In his reasons for judgment, the trial judge assessed the credibility of the witnesses, finding that Boykin had contracted personally rather than on behalf of a corporation:
“... There is no doubt in my mind that Mr. Boykin’s appraisal of the situation concerning the corporation is incorrect. I doubt his credibility in connection with that particular aspect in this matter. It seems very clear to me that Mr. Tomeny’s testimony in connection with this matter is correct.
******
In fact, I would be amazed if a man in his (Tomeny’s) business would take a corporation yet unformed and make a lease arrangement ...” (T. p. 78-79).
We note that there is no corporate resolution authorizing Boykin to obtain the lease or ratifying his actions.
Our independent review of the evidence and testimony presented, convinces this court that the trial judge was not manifestly erroneous in his factual determinations. Arceneaux v. Domingue, La., 365 So.2d 1330 (1978). Thus, the trial judge found that the lease was confected prior to the date on which the corporation came into existence. We agree.
Having thus concluded, that there was no corporation in existence at the time when the lease was confected, we approve the trial court’s finding that William Boykin was acting solely on his own behalf, hence he bound himself personally and is personally liable. We further find that the trial judge did not abuse his discretion in awarding costs to Tomeny.
For the reasons discussed above, the judgment of the trial court is affirmed.

AFFIRMED.