496 So.2d 484 (1986)
Leroy J. WELCH, et ux.
v.
Robert FUHRMAN and Joseph A. Kunstler.
No. 85 CA 0750.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*485 Joel B. Dickinson, Baton Rouge, for plaintiff-appellee Leroy J. Welch, et ux.
J. Glenn Dupree, Baton Rouge, for defendant-appellant Robert Fuhrman and Joseph A. Kunstler.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
Defendant, Robert Fuhrman, appeals from the judgment of the trial court finding him individually liable for breach of building contract.
On August 10, 1982 plaintiffs, Leroy J. Welch and Glynda H. Welch, entered into an oral contract with Capital Builders and Distributors, represented by Leroy Joslin, Sr. for the construction of an addition to their home. At the time of this contract, Capital Builders and Distributors was owned and operated by defendants Robert Fuhrman and Joseph A. Kunstler and Richard Hurt.[1] Mr. Joslin presented plaintiffs with a floor plan and a pier plan drawing of the proposed addition, along with a cost breakdown of work to be performed. The agreed price for the job was $21,979.63. Plaintiffs paid $4,000.00 as a down-payment and financed the balance due of $17,979.63, which was paid upon substantial completion.
After final payment was made, plaintiffs noticed that the job was not fully completed and that numerous faults and defects existed. As a result, plaintiffs secured an estimate of $6,750.09 to complete the job and make the necessary repairs. In addition, defendants had failed to pay an electrical sub-contractor which resulted in a lien in the amount of $1,149.50 being filed against the property by Marshall Electrical, Inc..
Plaintiffs then instituted the present action to recover the sums expended to complete the job along with attorney's fees. Named as defendants were Robert Fuhrman and Joseph A. Kunstler,[2] d/b/a Capital Builders of Louisiana. Defendant Fuhrman answered, filing a general denial, *486 and claimed that any contract plaintiffs entered into was with Capital Builders of Louisiana, Inc., a separate legal entity. It was later determined at trial that the actual name of the corporation was Capital Builders and Distributors, Inc., and that the charter for this corporation had not been issued until August 24, 1982.[3] Listed as directors of this corporation were Robert Fuhrman, Joseph Kunstler and Richard Hurt.
Following trial on the merits, judgment was rendered against defendants Fuhrman and Kunstler individually as well as against the organization known as Capital Builders of Louisiana. In addition to the amounts prayed for, plaintiffs were awarded $500.00 for attorney's fees. From this judgment defendant Fuhrman appeals alleging the following assignments of error:
1. The trial court erred in finding the defendant-appellant, Robert Fuhrman, individually, liable for the damages awarded to the plaintiff-appellees.
2. Error was committed in awarding attorney's fees to the plaintiff.
3. Error was commited in not finding that the entity Capital Builders and Distributors, Inc. was and is a corporation existing under the laws of Louisiana.

ASSIGNMENTS OF ERROR NOS. 1 & 3
By these assignments of error defendant contends that the trial court erred in determining that he, individually, and not the corporation, was liable to plaintiffs. In his reasons for judgment, the trial judge stated:
Defendants contend that Capital Builders of Louisiana is the only proper party to this suit. The Plaintiffs point out that the articles of incorporation were filed with the Secretary of State's office on August 24, 1982, although they were drafted and executed on July 12, 1982.
The sole issue before the Court, as to the defendants, is whether defendants are liable under the contract, or was the corporate entity legally constituted at the time the contract was confected.
This Court is of the opinion that the plaintiffs were of the opinion that Capital Builders of Louisiana was an organization owned by Robert Fuhrman and Joseph A. Kunstler and were doing business with them and not a corporate entity. Plaintiffs declared that they knew nothing of a corporation known as Capital Builders of Louisiana, Inc. They were never advised nor was there any paper work in the name of the corporation.
This Court must conclude that the plaintiffs are entitled to judgment against Robert Fuhrman and Joseph A. Kunstler, individually and against the organization known as Capital Builders of Louisiana.
We agree with the findings of the trial court. LSA-R.S. 12:25(C) provides as follows:
Upon the issuance of the certificate of incorporation, the corporation shall be duly incorporated, and the corporate existence shall begin, as of the time when the articles were filed with the secretary of state, except that, if the articles were so filed within five days (exclusive of legal holidays) after acknowledgment thereof or execution thereof as an authentic act, the corporation shall be duly incorporated, and the corporate existence shall begin, as of the time of such acknowledgment or execution.
The record clearly indicates that the articles of incorporation, although executed on July 12, 1982, were not filed with the Secretary of State's office until August 24, 1982. Accordingly, the corporate existence did not begin until that date, some fourteen days after entering into the contract with plaintiffs. As such, plaintiffs' contract was not with Capital Builders and Distributors, *487 Inc., but rather was with the organization known as Capital Builders and Distributors which was owned and operated by Robert Fuhrman and Joseph Kunstler.
Additionally, we note that the record is void of any evidence that plaintiffs were put on a notice that they were dealing with a corporation. Evidence adduced at trial revealed that neither the company's letterhead nor checks and bank accounts contained any language indicating corporate existence as required by LSA-R.S. 12:23.[4] Furthermore, Glynda Welch testified at trial that at the time she and her husband entered into the agreement with Leroy Joslin, Sr. they were informed that he represented Capital Builders which was owned by Jack Kunstler and Robert Fuhrman. At no time were they put on notice that Capital Builders was a corporation.
It is well established that an appellate court should not disturb a trial court's finding of fact absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After a review of the record, we conclude that there was no error on the part of the trial judge. Accordingly, these assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred in awarding attorney's fees to plaintiffs. An award of attorney's fees may only be awarded when authorized by statute or by contract between the parties. Orgeron v. Dobkowski, 476 So.2d 458 (La.App. 1st Cir.1985).
In the case sub judice, there is no evidence that the oral contract entered into between the parties contained a provision for attorney's fees, nor is there any statutory authority authorizing the award. Accordingly, we reverse the trial court's award of attorney's fees in the amount of $500.00.
For the above and foregoing reasons, the judgment of the trial court awarding attorney's fees is hereby reversed. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by defendant-appellant, Robert Fuhrman.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] Richard Hurt was not made a party to these proceedings.
[2] Defendant Kunstler did not answer and a default judgment was entered against him.
[3] The corporation was organized on July 12, 1982, but was not granted a charter by the Secretary of State until August 24, 1982.
[4] LSA-R.S. 12:23(A) provides:

The corporate name, except in cases of railroad, telegraph and telephone corporations, shall contain the word "Corporation", "Incorporated" or "Limited", or the abbreviation of any of those words, or may contain instead the word "Company" or the abbreviation "Co." if the latter word or abbreviation is not immediately preceded by the word "and" or the symbol "&".