GAUDIN, Judge.
Petitioners Patrick and Helen Scullin filed suit on a promissory note and subsequently obtained a judgment in the 24th Judicial District Court against defendants Robert and Dorothy Rhoden.
On appeal, the Rhodens argue that they executed the note on January 30, 1979 in corporate capacities and that they were erroneously cast personally in judgment. The Rhodens’ appellate counsel is not the attorney who represented them in district court.
The testimony and record reveal that the Rhodens filed for incorporation on February 19, 1979, 20 days after the note was signed. There is no proof that the Rho-dens ever functioned as a corporation, before or after January 30, 1979. We affirm the appealed-from judgment, which awarded the Scullins $45,000.00 plus legal interest and 15 per cent attorney fees.
The note was signed in conjunction with the sale of a business known as Scullin International Foods, then owned by now deceased Thomas Scullin. Helen Scullin is Thomas’ widow while Patrick is his son.
Actually, two notes and accompanying mortgages were signed by the Rhodens when the business was purchased for the sum of $100,000.00. One note was for $25,000.00 and carried with it a mortgage on the Rhodens’ residence. The other note —the one sued on — was for $75,000.00 (allegedly reduced to $45,000.00 by the time suit was filed on July 29,1985). The larger note was secured by a mortgage on business chattels, such as trucks, fixtures, merchandise, etc. The smaller note was paid off and was not involved in this litigation.
At first glance, the $75,000.00 transaction appears to be a sale to a legitimate corporation. The act states that the sale was to “Scullin International Foods rep. by its Pres., Robert C. Rhoden.” The act, however, is signed merely “R.C. Rhoden” without a further designation of him as a corporate officer.
The note is signed “Robert C. Rhoden, President” and “Dorothy S. Rhoden, Vice President.” There is no corporate or company reference.
The act says that Rhoden is appearing “... by virtue of the annexed resolution authorizing the President to act.” There is no corporate resolution attached to the act and none was submitted as evidence when the case was tried.
Nonetheless, the Rhodens argue that they meant to bind themselves personally concerning the $25,000.00 note but not the $75,000.00 note. The $25,000.00 mortgage is in the record and clearly the Rhodens were individually bound.
The brief petition filed by the Scullins in district court contained but three paragraphs, as follows:
“Your petitioners are the holders and owners of a certain promissory note for the principal sum of $75,000.00 dated January 30,1979, providing for payments beginning January 1, 1981, and monthly after date, the sum of $1,250.00 until $75,000.00 has been paid in full. The note also provides that if default be made on the payment of any one of the installments when the same becomes due *1103 then at the option and election of the holder, and without notice, the whole of the said principal sum shall at once become due and payable. The note further provides for attorney’s fees in the amount of 33 Vs percent on the amount of the note on the principal and interest. “The said promissory note described above was signed by Robert C. Rhoden and Dorothy S. Rhoden.
“On December 1, 1982, there was a balance due of $45,000.00. Nothing has been paid on the note since that time.” In response, the Rhodens filed this two-paragraph answer.
“Defendants admit the allegations contained in Paragraph 1 of plaintiff’s petition, which exception to attorneys fees which is denied.
“Defendants admit the allegations contained in Paragraph 2 of plaintiff’s petition.”
Neither in their answer nor in any subsequent pleading did the Rhodens contend that they were corporate officers, that they had signed the note as such, that they were not individually liable and that they were entitled to a special defense as corporate representatives. All the Rhodens’ pleading objected to was the demand for attorney fees.
This record is devoid of any meaningful proof that a corporation ever existed except for a document objected to by the Rho-dens. The document, a letter from the Secretary of State saying that Scullin International Foods filed articles of incorporation on February 19, 1979, almost three weeks after the subject promissory note was signed, was objected to by the Rho-dens’ trial attorney because “... there is no certification from the State that it is a true copy.”
At the close of plaintiffs’ case, defendants’ trial counsel said this to the court:
I would make an oral amended answer denying personal responsibility on the part of Robert C. Rhoden and ... Dorothy Rhoden in reference to the basis of this suit.”
Thus, for the first time, the district judge is made aware of any proposed or possible special defense. Rhoden then testified — he was the defendants’ only witness — and under direct examination he did not say or attempt to prove that a corporation was in legal existence on January 30, 1979 or at any other time. Rhoden said:
“I signed that note and it says 'President.’ I signed that note as president of Scullin’s International Foods.”
Rhoden did not specify whether he was president of a legally incorporated business or simply president of a partnership or other form of unincorporated business endeavors.
Under cross examination, Rhoden was asked these questions:
"... we (petitioners) introduced on exhibit ... a letter from the Secretary of State stating that you did not incorporate Scul-lin International Foods until February 19th, 1979. Are you aware of that? “Do you have any documents to disprove that?”
Incredibly, although the Rhodens had by this time raised as an issue the alleged fact that they had signed the note as corporate officers or agents, Rhodens’ attorney objected to "... this line of questioning.”
Subsequently, Rhoden offered no testimony or other proof that he was incorporated on January 30,1979 and he was silent with regard to any intent to incorporate when he signed the note. There was no testimony about the corporation existing or functioning before or after January 30, 1979. Rhoden produced no books, no records, no tax returns, no stationery, no bank checks, no corporate minutes or resolutions, absolutely nothing to show that a real corporation ever was. Mainly Rhoden tried to show that he had made periodic cash payments, thereby reducing his indebtedness, but the trial judge rejected this attempt. On appeal, the Rhodens do not assign as a district court error the failure of the trial judge to find that alleged cash payments had been made.
Rhoden’s testimony does suggest that when he and his wife executed the two notes they may have thought they were pledging their house with the $25,000.00 transaction but only mortgaging business *1104 assets with the $75,000.00 note. Patrick and Helen Scullin, on the other hand, testified otherwise. However, we do not believe that the intent of the parties is a paramount issue here. The trial judge found that a corporation did not exist when the notes were signed. The record fully supports this finding; consequently, it matters little what the Rhodens thought. Either they signed as individuals or as officers or representatives of a partnership. The district judge, in his assigned reasons at the finish of the trial, said:
“... I am convinced I am left witH no choice but to say the Rhodens are personally liable because the corporation didn’t exist to be liable.”
When the Rhodens' filed their answer without asserting any special defense, it was likely because their attorney knew his clients were not incorporated on January 30, 1979 and that they could not have then signed as corporate representatives.
Factual findings are not disturbed on appeal unless manifestly wrong. Here, the record and testimony are amply supportive of the trial judge’s determination that “... the corporation didn’t exist to be liable.” See McFarland v. Texhoma Contractors, Inc., 449 So.2d 1106 (La.App. 5th Cir.1984).
The district court judgment of December 10, 1986 is affirmed with appellants to bear costs.
AFFIRMED.