527 So.2d 1195 (1988)
SOUTH CENTRAL BELL TELEPHONE COMPANY, Ida Foreman, Plaintiff-Appellee,
v.
PROFESSIONAL ANSWERING SERVICE OF LAFAYETTE, INC., Defendant-Appellant.
No. 87-495.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*1196 Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Robert W. Daigle, Suzanne M. Jones, Lafayette, Oats & Hudson, Stephen J. Oats, Patrick B. McIntire, Lafayette, for plaintiff-appellee.
Carrol L. Spell, Lafayette, for defendant-appellant.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
The defendant-appellant, Professional Answering Service of Lafayette, Inc. (Professional), appeals from a judgment of the Fifteenth Judicial District Court finding it liable unto South Central Bell (Bell) in the amount of $37,594.59.
The only issue before the court is whether the trial court was manifestly erroneous in finding that the contract entered into between the parties became effective on December 13, 1982.
During October and November of 1982, there were communications by way of letters between Professional and Bell. Professional sought cable services from Bell, and Bell responded with letters dated October 28, 1982 and November 10, 1982 outlining the services to be rendered, their cost, and some of the terms of the agreement between the parties.
To acknowledge both the receipt of Bell's proposals and the fact that the services offered by Bell were understood by Professional, the October 28th and November 10th letters were signed, at Bell's request, by Audrey Brignac and returned to Bell in a self-addressed envelope.
On November 16, 1982, the Articles of Incorporation for Professional were filed with the Secretary of State, and a corporate certificate was issued on November 19, 1982. Ida Foreman was named as President, and Audrey Brignac was named as Secretary-Treasurer.
The document entitled "Agreement for Telecommunications Services" was signed by Audrey Brignac on December 13, 1982. This document obligates Bell to provide certain services to Professional, outlines the rights of each party, and specifies in detail the charge for each service. The agreement also specifies that the services would start on February 1, 1983.
Bell filed suit alleging that Professional did not pay Bell from March 1983 through April 1984. The amount sought by Bell was the amount awarded by the trial court.
Professional answered the petition alleging that Ms. Brignac had no authority to enter into a contract on behalf of Professional. Professional also third-partied Ida Foreman alleging the breach of her fiduciary duty owed Professional and that Ms. Foreman is liable unto Professional in the event Professional is held liable unto Bell.
The trial on the matter was held on August 29, 1986. Stipulations were entered into and the record and evidence was introduced. The third party demand was severed at this hearing, and the trial court took the main demand under advisement, allowing the parties fifteen days to file briefs. The trial court found that the contract between Bell and Professional was entered into on December 13, 1982, and that Professional was liable to Bell.
The appellant argues that it is not liable to Bell because Ms. Foreman entered into this contract on behalf of Professional in violation of LSA-R.S. 12:26. This statute, read in para materia with LSA-R.S. 12:92, makes officers and directors liable jointly and severally with a corporation, if the officer or director incurs corporate debts not incidental to the corporation's organization prior to the corporation's formation, i.e., the Secretary of State's issuance of a certificate of incorporation. LSA-R.S. 12:25.
*1197 The appellant's argument becomes relevant only if the trial court's finding of fact, that the date the contract was entered into was December 13, 1982, is manifestly erroneous. Arceneaux v. Domingue, 365 So. 2d 1330 (La.1978). Since the trial court's findings are not manifestly erroneous, and Professional attained corporate existence before December 13, 1982, the corporation is liable for the debt. Moreover, even if the contract was entered into prior to Professional's corporate existence, LSA-R.S. 12:92 provides that the directors or officers transacting business prior to the corporate existence will be liable jointly and severally with the corporation.
For the foregoing reasons, the trial court's judgment is affirmed at the appellant's cost.
AFFIRMED.