961 So.2d 469 (2007)
R.G. CLAITOR'S REALTY
v.
Bill RIGELL and GJR, Inc. D/B/A Eagle Travel Consultants.
No. 2006 CA 1629.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
*470 Richard A. Aguilar, Edward L. Fenasci, New Orleans, Counsel for Plaintiff/Appellee R.G. Claitor's Realty.
Thomas M. Lockwood, Baton Rouge, Counsel for Defendant GJR, Inc.
A. Gregory Rome, Baton Rouge, Counsel for Defendant/Appellant Bill Rigell.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this action on a lease, defendant/appellant, Bill Rigell (Rigell), appeals the trial court's judgment granting plaintiff/appellee's, R.G. Claitor's Realty (Claitor Realty), motion for summary judgment and ordering Rigell to pay $49,714.20 in unpaid rent, common area maintenance charges, and late fees, plus interest. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 30, 1994, Rigell, for GJR, Ltd. as lessee, and Jon F. Claitor, for Claitor Realty as lessor, executed a lease agreement regarding office space located on Acadian Thruway in Baton Rouge, Louisiana. Thereafter, on June 12, 1998, Claitor Realty filed suit on the lease, naming Rigell and GJR, Inc. d/b/a Eagle Travel Consultants (GJR)[1] as defendants. In its suit, Claitor Realty alleged GJR breached *471 the lease agreement by vacating the premises prior to the expiration of the lease term and accordingly owed Claitor Realty for unpaid rent, common area maintenance charges, late fees, and attorney fees. Claitor Realty also asserted that Rigell was personally liable for the amount owed because at the time of the execution of the lease agreement, GJR was not incorporated. Rigell and GJR answered the petition, with GJR asserting a reconventional demand and claiming that Claitor Realty breached the lease agreement by disturbing GJR's peaceful possession of the lease premises.
On January 16, 2003, Rigell filed a motion for summary judgment, asserting that he was not personally liable for the lease obligation of GJR because only GJR bound itself as lessee, and the parties had agreed to waive any requirement for a personal guarantee on the lease. The trial court subsequently denied Rigell's motion. Thereafter, on December 8, 2005, Claitor Realty filed a motion for partial summary judgment, asserting that there was no genuine issue of material fact in dispute that GJR breached the lease agreement and Rigell was personally liable under the lease. Accordingly, Claitor Realty requested that the court adjudge Rigell liable for $46,900.00 in unpaid rent and common area maintenance charges, $2,814.00 in late charges, attorney fees, and interest. Claitor Realty also sought dismissal of GJR's reconventional demand, asserting that there was no evidence to support the facts that GJR alleged underlie its claim.
A hearing on the motion for partial summary judgment was set for March 20, 2006. On March 16, 2006, Rigell's attorney filed a motion to continue the hearing, asserting that he had been unable to prepare an opposition to the motion for partial summary judgment because of unanticipated absences of support staff in his firm. By the March 20, 2006 hearing, neither Rigell nor GJR had filed an opposition. The trial court denied Rigell's request for a continuance and in a judgment dated April 24, 2006, granted Claitor Realty's motion for partial summary judgment, dismissing GJR's reconventional demand with prejudice and entering judgment against Rigell in the principal amount of $49,714.20, together with judicial interest, and attorney fees and costs to be fixed upon subsequent motion by Claitor Realty. Rigell now appeals from this judgment,[2] asserting that the trial court erred in finding him personally liable for the lease obligations of GJR.[3]

DISCUSSION
An appellate court's review of a summary judgment is de novo, using the same *472 criteria that govern the trial court's consideration of whether summary judgment is appropriate. Boland v. West Feliciana Parish Police Jury, 03-1297, p. 4 (La.App. 1st Cir.6/25/04), 878 So.2d 808, 812, writ denied, 04-2286 (La.11/24/04), 888 So.2d 231. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Boland, 03-1297 at p. 4, 878 So.2d at 812.
In support of its motion for summary judgment, Claitor Realty produced evidence showing: at the time Rigell and Claitor Realty executed the lease agreement on November 30, 1994, GJR, Ltd., the designated lessee, was not incorporated; GJR, Ltd. was never incorporated, but rather, GJR, Inc. was incorporated on February 3, 1995; Rigell is an officer of GJR, Inc.; GJR, Inc. occupied the lease premises until October 31, 1996, when it vacated the lease premises approximately fourteen months prior to the expiration of the lease term; and, the rent, common area maintenance charges, and late fees for the remainder of the lease term totaled $49,714.20. Accordingly, Claitor Realty asserted that Rigell was personally liable for the amount owed under the lease agreement, having entered into a contract on behalf of a corporation that was not yet formed.
Louisiana Revised Statute 12:26 provides:
A corporation formed under this Chapter shall not incur any debts or begin the transaction of any business, except business incidental to its organization, or to the obtaining of subscriptions to, or payment for, its shares, until the amount of paid-in capital with which it will begin business, if stated in the articles, has been paid in full.
Further, La. R.S. 12:92(A) provides that "[i]f a corporation has transacted any business in violation of R.S. 12:26, the officers who participated therein and the directors shall be liable jointly and severally with the corporation and each other for the debts or liabilities of the corporation arising therefrom." As such, principals of a corporation, such as officers and directors, who enter contracts purportedly on behalf of the corporation, but prior to the corporation's formation, are personally liable on those contracts. See Welch v. Fuhrman, 496 So.2d 484 (La.App. 1st Cir. 1986); see also South Central Bell Telephone Co. v. Professional Answering Service of Lafayette, Inc., 527 So.2d 1195 (La. App. 3rd Cir.1988); Scullin v. Rhoden, 518 So.2d 1101 (La.App. 5th Cir.1987); and Tomeny v. Boykin, 391 So.2d 85 (La.App. 4th Cir.1980).
From our review of the record, we find that Claitor Realty met its burden in establishing that Rigell was personally liable for the lease obligations. The undisputed evidence, as outlined above, established that Rigell executed the lease agreement on November 30, 1994, on behalf of GJR, Ltd., a corporation that never legally existed. GJR, Inc. was incorporated on February 3, 1995; however, this was approximately two months after the execution of the lease agreement. Therefore, in accordance with the law as outlined above, Rigell was personally liable to Claitor Realty under the lease agreement.
Further, while Claitor Realty did introduce evidence indicating that it waived a personal guarantee under the lease, we do not find that this waiver constituted a waiver of Rigell's personal liability under La. R.S. 12:92(A). A "personal guaranty" is defined as:
[A] collateral promise or undertaking by one person to answer for the payment *473 of some debt or the performance of some contract or duty in the case of the default of another person, who in the first instance is liable for such payment or performance; a collateral promise or undertaking to pay a debt owing by a third person in case the latter does not pay.
See Reconstruction Finance Corp. v. Mickelberry, 189 La. 105, 109 (1938). However, personal liability under La. R.S. 12:92(A) is not premised on a promise to pay the debt of a third person, but rather, liability is imposed for engaging in conduct in violation of La. R.S. 12:26 and renders the violator jointly and severally liable with the corporation. The waiver of a personal guarantee when signing in a corporate capacity is entirely distinct from a violation that arises under our business corporation law. Accordingly, we find that any waiver of a conventional personal guarantee on the lease agreement did not affect the imposition of statutory personal liability under La. R.S. 12:92(A).
Therefore, having found that Claitor Realty met its burden in establishing that there was no genuine issue of material fact, and because Rigell failed to file an opposition showing that a genuine issue of material fact remained for trial, we find the trial court was correct in granting summary judgment in favor of Claitor Realty.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are to be borne by the appellant, Bill Rigell.
AFFIRMED.
PARRO, J., concurs.
NOTES
[1] GJR, Ltd., as referenced in the lease agreement, was never formed; rather, GJR, Inc. was incorporated on February 3, 1995.
[2] The motion for appeal states that "defendants" request an appeal from the April 24, 2006 judgment; however, Rigell only seeks review of the trial court's determination of his personal liability. Accordingly, we do not address the propriety of the trial court's judgment as it relates to the dismissal of GJR's reconventional demand.
[3] On October 3, 2006, this court issued a rule to show cause ordering the parties to submit briefs as to why the appeal should not be dismissed by showing that there has been a designation of the judgment by the trial court under La. C.C.P. art. 1915(B). However, after the trial court issued a judgment on September 14, 2006, determining the amount of attorney fees, costs, and expenses due to Claitor Realty and also designating the April 24, 2006, and September 14, 2006, judgments as final appealable judgments and declaring that there is no just reason for delay of the appeal of these judgments, this court recalled the show cause order and maintained the appeal. The September 14, 2006 judgment is the subject of a separate appeal also decided this date. R.G. Claitor's Realty v. Rigell, 2006-2336 (La.App. 1st Cir.5/4/07), 961 So.2d 458, 2007 WL 1300184.