PAINTER, Judge,
dissenting in part.
1,1 respectfully dissent from the majority herein.
Firstly, I agree that the trial court correctly granted the exception of no cause of action because the inclusion of a copy of the lease, showing the lessee to be a different entity than the plaintiff named in the petition, clearly and on the face of the petition, indicates the existence of an affirmative defense. However, I disagree with the majority’s reference to proof outside the petition and its exhibits in reaching the conclusion that the ground for the objection cannot be removed by amendment. As stated in Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234, 1235 (La.1993): “No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931.” Therefore, the matters to which the majority refers with regard to the filing of the lease in the public record are not properly before the court in this regard. As a result, I would find that Plaintiff is entitled be given an opportunity to amend the petition to state a cause of action. La.Code Civ.P. art. 934.
Additionally, I would reverse the trial court’s grant of the exception of no right of action.
| ^Plaintiff asserts that Lavoi is the proper party to enforce the lease agreement against Litel and that Litel’s exception should not have been granted. Litel contends that the trial court correctly granted his exception of no right of action because he is not bound by the lease. Specifically, Litel contends that because Black Water Marshes, Inc., the purported lessee, was never incorporated, it lacked the capacity to contract. Additionally, Litel contends that because Black Water Marsh, LLC, was never a party to the lease, the entity lacks standing to assert claims against him under the lease and that since Black Water Marshes, Inc. was never incorporated, it had no capacity to contract. Litel asserts that there is no evidence that Lavoi was doing business as Black Water Marshes, Inc. and that Lavoi was merely the agent for a corporation that did not exist. Lavoi argues that his payments on the lease are evidence that he was doing business as Black Water Marshes, Inc. Litel further argues that Lavoi was not a promoter because the corporation in whose name he acquired rights was never formed. Litel further asserts that there was no error at the time of signing of the lease.
Any person, natural or juridical, could have undertaken the payments under the lease on Black Water Marshes, Inc.’s behalf but that person still would not have standing to seek redress under the lease. In other words, the right to enforce the contract is vested with the parties thereto. See La.Civ.Code arts. 2668 and 2682, et seq. Although Black Water Marsh, LLC, made rental payments to Roger C. Ferriss Properties, Inc., in accordance with the purported lease agreement between Janice Ferriss of Roger C. Ferriss Properties, Inc., and Lavoi of Black Water Marshes, Inc., Black Water Marshes, Inc., the entity named in the lease at issue, would have the right to enforce the lease. Therefore, it appears that the trial court did not err in | ^granting the exception of no cause of action. However, that the defect complained of may be remedied by amending the pleadings.
Louisiana jurisprudence provides that “[a] corporation not yet in existence cannot be a party to a contract, because [it is] not.... ‘legally capable of contracting[.]’ ” Speedee Oil Change No. 2, Inc. v. Nat’l Union Fire Ins. Co., 444 So.2d 1304, 1307 (La.App. 4 Cir.1984). We find, however, that Lavoi may have acted as a promoter *979 when he executed the lease on behalf of Black Water Marshes, Inc., and may have bound himself individually to the terms of the lease.
Louisiana courts have held, generally, that “in the absence of an agreement to the contrary among the contracting parties, promoters and incorporators are also hable individually for the contractual obligations entered into on behalf of the corporation before the corporation is formed whether or not the corporation is subsequently formed.” 1 La. Prac. Corp. § 7:219 (2011-2012 ed.), citing R.G Claitor’s Realty v. Rigell, 06-1629 (La.App. 1 Cir. 5/4/07), 961 So.2d 469, writ denied, 07-1214 (La.9/21/07), 964 So.2d 340; Tameny v. Boykin, 391 So.2d 85, (La.App. 4 Cir. 1980); Daniel A. Pouwels & Associates, Inc. v. Fiumara, 233 So.2d 16 (La.App. 4 Cir.1970); Folse v. Loreauville Sugar Factory, 156 So. 667 (La.App. 1 Cir.1934).
Specifically, the court in R.G. Claitor’s Realty held that “[p]rincipals of a corporation, such as officers and directors, who enter contracts purportedly on behalf of the corporation, but prior to the corporation’s formation, are personally liable on those contracts.” R.G. Claitor’s Realty v. Rigell, 961 So.2d at 472.
The facts in R.G. Claitor’s Realty are substantially similar to this case. In R.G. Claitor’s Realty, Bill Rigell of GJR, Ltd., leased office space owned by Claitor Realty. Thereafter, Claitor Realty filed suit to enforce the terms of the lease, |4naming Rigell and GJR, Inc. d/b/a Eagle Travel Consultants as defendants. Claitor Realty aheged that Rigell was personally liable for the amount owed because at the time the lease agreement was executed, GJR, Inc., was not incorporated. Rigell later moved for summary judgment on the basis that he was not personally liable for GJR’s lease obligations because only GJR bound itself as lessee. The trial court denied the motion. Subsequently, Claitor Realty filed a motion for partial summary judgment arguing, among other things, that Rigell was personally liable on the lease. The trial court granted Claitor Realty’s motion for summary judgment. Rigell appealed the judgment, asserting that the trial court erred in finding him personally liable for the lease obligations of GJR, Inc.
Affirming the trial court’s ruling, the first circuit reasoned as follows:
Louisiana Revised Statute 12:26 provides:
A corporation formed under this Chapter shall not incur any debts or begin the transaction of any business, except business incidental to its organization, or to the obtaining of subscriptions to, or payment for, its shares, until the amount of paid-in capital with which it will begin business, if stated in the articles, has been paid in full.
Further, La. R.S. 12:92(A) provides that “[i]f a corporation has transacted any business in violation of R.S. 12:26, the officers who participated therein and the directors shall be liable jointly and severally with the corporation and each other for the debts or liabilities of the corporation arising therefrom.” As such, principals of a corporation, such as officers and directors, who enter contracts purportedly on behalf of the corporation, but prior to the corporation’s formation, are personally liable on those contracts. See Welch v. Fuhrman, 496 So.2d 484 (La.App. 1st Cir.1986); see also South Central Bell Telephone Co. v. Professional Answering Service of Lafayette, Inc., 527 So.2d 1195 (La.App. 3rd Cir.1988); Scullin v. Rhoden, 518 So.2d 1101 (La.App. 5th Cir.1987); and Tomeny v. Boykin, 391 So.2d 85 (La.App. 4th Cir.1980).
From our review of the record, we find that Claitor Realty met its burden *980 in establishing that Rigell was personally liable for the lease obligations. The undisputed evidence, as outlined above, established that Rigell executed the lease agreement on November 30, 1994, on behalf of GJR, Ltd., a corporation that never legally |5existed. GJR, Inc. was incorporated on February 3, 1995; however, this was approximately two months after the execution of the lease agreement. Therefore, in accordance with the law as outlined above, Rigell was personally liable to Claitor Realty under the lease agreement.
R.G. Claitor's Realty, 961 So.2d at 472. (Emphasis added).
Similarly, in the instant case, Lavoi executed the lease agreement on behalf of Black Water Marshes, Inc., a corporation that never legally existed. Lavoi did not incorporate Black Water Marsh, LLC, until several months after the lease at issue was executed. Therefore, because, under La.R.S. 12:92(A) andütG. Claitor’s Realty, the courts can hold Lavoi personally liable under the lease that he executed on behalf of Black Water Marshes, Inc., a corporation that did not legally exist, he is the proper party plaintiff to enforce the same lease in the instant lawsuit.
Because Lavoi appears to have bound himself personally to Relators as principal of the non-existent entity, Black Water Marshes, Inc., I would find that Lavoi is the proper party plaintiff in this suit. Accordingly, I would affirm the granting of the exception of no right of action. Further, I would remand so that Plaintiff may be given time to amend its pleadings.