REGAN, Judge.
The plaintiff, Daniel A. Pouwels and Associates, Inc., filed this suit against the defendant, Bernard P. Fiumara, Jr.,[1] endeavoring to recover the sum of $13,000.00 which it asserts is the balance due for engineering services rendered in preparing plans and specifications for an apartment complex which the defendant anticipated building. In a supplemental petition, the plaintiff sued the defendant’s father, Bernard Fiumara, insisting that he is liable together with his son jointly, severally and in solido for the above sum of money.
The defendant, Bernard Phillip Fiumara, answered and admitted that he made a commitment for financing and construction of the apartment complex, and as an offi *17 cer of a corporation which has been designated as Tour de Orleans Realty Corporation, Inc., he engaged the plaintiff to prepare plans for its construction, but asserted that he had received only preliminary sketches and not completed plans.
The defendant, Bernard Fiumara, answered and denied that he ever entered into an agreement with the plaintiff for construction of the apartment complex; however, he admitted binding himself as surety for the purpose of obtaining financing for its construction from the Home Life Insurance Company, through its agent, National Mortgage Corporation of New Orleans, Louisiana. He denied that he ever employed the plaintiff for the purpose of making studies, drawings and plans for construction of the apartment complex.
Exceptions of lack of jurisdiction ration-ae personae and no right or cause of action were pleaded by both defendants in which they asserted that they are domiciled in the City of Yonkers, New York and that all business dealings were between the plaintiff and Tour de Orleans Realty Corporation, Inc., and not with the defendants in their personal capacities. The plaintiff conceded that the defendants are residents of New York state; however, it contends that they transacted business in their individual capacities in this state, thus giving the Louisiana courts jurisdiction over them by virtue of the provisions of the Louisiana long arm statute, R.S. 13:3201.
Following a trial on the merits, judgment was rendered in favor of the plaintiff and against the defendant, Bernard Phillip Fiumara, awarding it $13,000.00, and in favor of Bernard Fiumara dismissing the plaintiff’s suit as to him. From that judgment in favor of Bernard Fiu-mara, the plaintiff has prosecuted this appeal.
The record discloses that in June of 1964, the plaintiff, a structural engineering firm, was engaged to prepare plans for a proposed apartment complex for the sum of $8,000.00, which were completed on September 9, 1964. A new set of plans were made for construction of a larger complex at an additional charge of $8,000.00, and since Bernard Phillip Fiumara paid $3,-000.00 to the plaintiff, a balance of $13,-000.00 was due and owing.
Bernard Phillip Fiumara admitted employing the plaintiff to prepare the plans, and likewise admitted that his father was present on some occasions when he discussed the plans with Daniel A Pouwels, the plaintiff’s president, and that his father took an active interest in these discussions; however, he insisted that he, and not his father, had conceived the project and that his father offered advice only because of his expertise acquired over a period of forty years in the construction business. He explained that his father was surety on the loan application simply because the Home Life Insurance Company preferred someone with more construction knowledge than he possessed and principally because his father’s assets offered more security for the loan.
The articles of incorporation of Tour de Orleans Realty Corporation, Inc., were filed July 21, 1964, at 1:15 P.M., which is the time the corporation began its existence. The incorporators were Bernard Phillip Fiumara, who owned 97% of the stock, his wife, Shirley Ann Fiumara, two shares, and his father, Bernard Fiumara owned one share, and he was also secretary-treasurer of this corporation.
Louisiana law is well settled to the effect that officers and directors who incur indebtedness prior to the corporation’s becoming a legal entity by filing of the charter in the mortgage office and payment for all capital stock become personally liable for any indebtedness arising therefrom.[2] The charter, to reiterate, was not filed until July 21, 1964, but the con *18 tract was entered into with the plaintiff in June of 1964, by Bernard Phillip Fiumara, who, therefore, subjected himself to personal liability for the corporation’s indebtedness to the plaintiff.
One of the questions which this appeal has posed for our consideration is whether the father, Bernard Fiumara, is also personally liable to the plaintiff as the result of his entering into an agreement with it either directly or through his son as his agent.
Daniel A. Pouwels testified that he dealt with Bernard Phillip Fiumara during the initial negotiations and arrived at an oral agreement with him which was never reduced to writing. He stated that he was informed by Bernard Phillip that his father had erected a number of apartment projects, and, therefore, some basic preliminaries were mailed to Bernard Fiumara in New York, after which he flew to New Orleans several times with ideas and sketches of his own. He further related that it was his understanding that the father was involved in the project and that he visited New Orleans in order to determine that “everything” was correct; although all the particulars were to be handled locally by Bernard Phillip. He explained that upon Bernard Fiumara’s arrival, the fee as well as work to be performed by the plaintiff were verified by him. In response to questioning as to whether an agreement existed between Bernard Fiu-mara and the plaintiff, Pouwels laboriously related that his only contact with Bernard Fiumara was on the several occasions enumerated hereinabove and that some plans were mailed to him in New York. He said that he made a demand for payment by telephone after efforts to collect from Bernard Phillip failed. He admitted that he had nothing in writing to reflect any agreement with the Fiumaras, and that when he requested that they give him some written evidence of their obligation to him, they refused to do so and Bernard Fiu-mara mefely reassured him that “we’ve got enough money to take care of you”.
Robert Raymond Carrares, who was employed by the plaintiff as a draftsman, testified that he personally met both Fiumar-as, but he met Bernard Fiumara several times when changes were made in the plans, and that he could not state with any certainty which Fiumara made the decisions regarding major changes but he believed that both did so.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof concluded that only the defendant, Bernard Phillip Fiumara, entered into the contract with the plaintiff for engineering services amounting to $16,000.00 by virtue of which he personally obligated himself for the full amount since the corporation was nonexistent at the time of the contract, and his father did not enter into any agreement with the plaintiff since “none of his activities were proven to be other than those of an interested parent giving advice and assistance to a son.”
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the ramifications of the transaction which occurred herein. The trial judge accepted the defendant’s version thereof and our analysis of the record convinces us that the evidence perponderates in his favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment appealed from is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. An error was made in the names of the defendants, Bernard P. Fiumara, Jr., should have been designated as Bernard Phillip Fiumara, and his father should have been designated as Bernard Fiumara.

. La.R.S. 12:9 (1950).