STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-477

BLACK WATER MARSH, LLC

VS.

ROGER C. FERRISS PROPERTIES, INC.,
TIMOTHY J. LITEL, AND
JANICE C. FERRISS

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-4641
HONORABLE WILFORD D. CARTER, JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Painter, J., dissents in part and assigns written reasons.

**David B. McCain**
**Jennifer M. Swann**
**1800 Ryan Street**
**Lake Charles, LA 70601**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
    **Gary Levoi d/b/a Blackwater Marshes, Inc.**


**Thomas Gayle**
**P.O. Box 3190**
**Lake Charles, LA 70602**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Timothy Litel**

**PETERS, J.**

The plaintiffs in this matter, Black Water Marsh, LLC and Gary Lavoi d/b/a Black Water Marshes, Inc., appeal the trial court's grant of peremptory exceptions of no cause and no right of action, thereby dismissing their suit against one of the defendants in this litigation, Timothy J. Litel. For the following reasons, we affirm the trial court judgment granting the peremptory exception of no cause of action and, therefore, affirm the trial court judgment dismissing the appellants' claims against Timothy J. Litel.

### DISCUSSION OF THE RECORD

This litigation arises from a March 13, 2006 written marsh lease agreement involving 350 acres of Calcasieu and Jefferson Davis Parish immovable property. The parties are identified in the lease as "Roger Ferris Properties" as lessor, and "Black Water Marshes, Inc.," as lessee. Janice Ferriss executed the lease on behalf of Roger Ferris Properties, and Gary M. Lavoi executed the lease on behalf of the named corporation.[1] The lease provided for a twelve-year term with an annual payment of $12,000.00, and generally provided that Roger Ferriss Properties was granting the corporation hunting and fishing privileges on the property. Of significance to this litigation is the clause in the lease granting the lessee "the first right of refusal" of the leased property "should leaser[sic] decide to sell said properties."

On August 2, 2011, and after having a title search of the Calcasieu and Jefferson Davis Parish conveyance records conducted on his behalf, Timothy Litel purchased the property subject to the lease from Roger C. Ferriss Properties, Inc., the record owner. Although the marsh lease had been placed of record in both

---

[1] The lease did not describe the structural makeup of Roger C. Ferriss Properties, Inc., the nature of Ms. Ferriss's relation to the corporation, or the nature of Mr. Lavoi's relationship to the corporation.

Calcasieu and Jefferson Davis Parishes, the title search did not reveal its existence as a result of various recording errors.

On October 11, 2011, the litigation now before us began with the filing of a suit by Black Water Marsh, LLC, not Black Water Marshes, Inc. The initial paragraph of the petition describes the plaintiff as a Louisiana corporation having its domicile in Calcasieu Parish, Louisiana, and being represented by "its duly authorized president, GARY M. LAVOI." The petition named Timothy J. Litel, Roger C. Ferriss Properties, Inc., and Janice Ferriss as defendants and sought (1) injunctive relief against Timothy J. Litel to prohibit him from denying the plaintiff access to the property for the 2011 hunting season; (2) dissolution of the act of sale between Roger C. Ferriss Properties, Inc. and Timothy J. Litel; and (3) in the alternative, a money judgment against the defendants for the losses the plaintiff suffered as a result of being denied the right of first refusal in the sale of the property.

Roger C. Ferriss Properties, Inc. responded to the petition on November 14, 2011, by filing a dilatory exception of lack of procedural capacity and peremptory exceptions of no right of action and of no cause of action. Ms. Ferriss appeared as the *pro se* representative of Roger C. Ferriss Properties, Inc. in the filing. On the same day, Mr. Litel, represented by counsel, filed the same exceptions, as did Ms. Ferriss individually, who was also represented by counsel in her filing. Ms. Ferriss added the dilatory exception of vagueness to the other three exceptions. All three defendants asserted in the common exceptions that Black Water Marsh, LLC did not have the right to enforce any rights that might belong to Black Water Marshes, Inc., the entity that executed the lease; and that in fact, there existed no corporation named Black Water Marshes, Inc. Additionally, Ms. Ferriss asserted that because

2

most of the petition lumped her and Roger C. Ferriss Properties, Inc. together, she could not safely plead to the allegations.[2]

After a January 6, 2012 hearing on the exceptions, the trial court rendered judgment rejecting the remaining exceptions filed by Roger C. Ferriss Properties, Inc. and Ms. Ferriss, and executed a judgment to this effect on January 30, 2012. In a separate judgment executed the same day, the trial court, among other relief, rejected Mr. Litel's exception of lack of procedural capacity, but granted his exceptions of no right and no cause of action, and dismissed the claims against him.

By a pleading filed February 10, 2012, Black Water Marsh, LLC sought reconsideration of the judgment in favor of Timothy J. Litel, but before a hearing could be had on this motion, Roger Ferriss Properties, Inc. and Ms. Ferriss sought supervisory writ relief from this court. In an unpublished opinion rendered August 6, 2012, this court found no error in the trial court's rejection of the exception of no cause of action, but found that the trial court erred in rejecting the exception of no right of action without providing a time for amendment of the pleadings to state a right of action. *Black Water Marsh, LLC v Roger C. Ferriss Properties, Inc.*, 12-423 (La.App. 3 Cir. 8/6/12). In finding error in the trial court's ruling on the exception of no right of action, this court stated:

> Respondent, Black Water Marsh, LLC, was not a party to the lease at issue, and, therefore, has no standing to enforce the terms of the lease. We, therefore, order that Respondent amend its pleadings by no later than August 12, 2012, to add a proper party plaintiff under penalty of dismissal.

*Id.*

---

[2] On December 27, 2011, Black Water Marsh, LLC amended the original petition in response to the exception of vagueness. This amended petition resulted in Ms. Ferriss subsequently withdrawing that exception.

3

On August 10, 2012, Black Water Marsh, LLC responded to this court's ruling by filing a second supplemental and amending petition wherein it named Gary Lavoi d/b/a Black Water Marshes, Inc. as an additional party plaintiff.

Roger C. Ferriss Properties, Inc. and Ms. Ferriss responded to the addition of the new plaintiff by filing new peremptory exceptions of no right and no cause of action. These exceptions, together with the February 10, 2012 request for reconsideration of the ruling on Mr. Litel's exceptions, came for a hearing on October 5, 2012. This hearing resulted in a trial court judgment executed on October 22, 2012, rejecting the exceptions filed by Roger C. Ferriss Properties, Inc. and Ms. Ferriss, and rejecting the request for reconsideration of the ruling granting Mr. Litel's exceptions.

The two named plaintiffs perfected this appeal and, in their appeal, asserted the following assignments of error:

> 1) The Trial Court erred in finding that Plaintiff Lavoi did not state a cause of action against Timothy J. Litel.
>
> 2) The Trial Court erred in granting Timothy Litel's Exception of No Right of Action against GARY LAVOI d/b/a BLACK WATER MARSHES, INC.
>
> 3) Alternatively, and only if this Court finds that the Public Records defense should apply to the facts as alleged in the Petition, the Trial Court erred in dismissing Timothy J. Litel from the lawsuit on the Exceptions while a Motion to Compel the Defendants to submit to discovery was pending.

## OPINION

In the January 30, 2012 judgment, the trial court granted Mr. Litel's peremptory exceptions of no cause of action and no right of action based on its interpretation of the Louisiana Public Records Doctrine. In the October 22, 2012 judgment, the trial court merely stated that "the Motion for Reconsideration is denied[,]" thereby maintaining its prior judgment in favor of Mr. Litel as to both

4

exceptions. Thus, the basis for granting relief for Mr. Litel was different from the basis for rejecting the request for relief asserted by Roger C. Ferriss Properties, Inc. and Ms. Ferriss and, therefore, questions concerning the identity of the proper party plaintiff raised by the other defendants is not properly before this court and will not be considered on appeal. However, before considering the merits of the appeal, we must dispose of a preliminary matter which is presented to us in the form of a motion to strike and for sanctions filed in the court by Mr. Litel.

### *Motion to Strike and for Sanctions*

In the October 22, 2012 judgment, the trial court also ordered that Mr. Litel and Ms. Ferriss submit to depositions within sixty days, and the appellants have included a single paragraph reference to information derived from Mr. Litel's subsequent deposition testimony in the STATEMENT OF FACTS section of the appellate brief as well as a reference in their argument on their third assignment of error. These references constitute the basis for Mr. Litel's motion pending before this court.

Clearly, Mr. Litel is entitled to relief on his motion to strike as "[a]ppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. In this case, as was the case in *Denoux*, the deposition testimony now relied on by the appellants was not before the trial court at the time of the judgment being appealed and they are not a part of the record on appeal. Therefore, we strike any and all references to Mr. Litel's subsequent deposition testimony and will not consider the content of the appellants' brief in that regard.

5

With regard to the request for sanctions, we note that Uniform Rules—Courts of Appeal, Rule 2-12.4 set forth the requirements applicable to the content of the appellant's brief. The first paragraph of that Rule provides:

> The brief of the appellant or relator shall set forth the jurisdiction of the court, a concise statement of the case, the ruling or action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, *an argument confined strictly to the issues of the case*, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.

(Emphasis added.)

The last paragraph of the rule provides in pertinent part that "[t]he language used in the brief shall be . . . free from . . . irrelevant matter" and that "[a]ny violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned." Uniform Rules—Courts of Appeal, Rule 2-12.4.

The legal relationships in this litigation arise primarily from the failure of the original marsh lease parties to adhere to the most basic requirements of a valid legal instrument, and this failure has been the driving force in the continuing litigation. Additionally, the trial court hearings giving rise to the judgments which provide the basis for the current litigation were primarily legal arguments with little evidentiary organization.[3] While we recognize the effort by the appellees to bring to our attention that the deposition testimony of Mr. Litel violates Rule 2-12.4, we decline to hold the appellants in contempt of court.

---

[3] The argument in both hearings was supplemented with nothing more than the filing of the entire record into evidence. No testimony was presented.

### *Public Records Doctrine*

The Louisiana Public Records Doctrine is codified in La.Civ.Code art. 3338,[4] which provides:

> The rights and obligations established or created by the following written instruments are without effect as to third persons unless the instrument is registered by recording it *in the appropriate mortgage or conveyance records* pursuant to the provisions of this Title:
>
> (1)  An instrument that transfers an immovable or establishes a real right in or over an immovable.
>
> (2)  The lease of an immovable.
>
> (3)  An option or right of first refusal, or a contract to buy, sell, or lease an immovable or to establish a real right in or over an immovable.
>
> (4)  An instrument that modifies, terminates, or transfers the rights created or evidenced by the instruments described in Subparagraphs (1) through (3) of this Article.

(Emphasis added.)

Louisiana Civil Code Article 3343 provides that the "third person" referred to in La.Civ.Code art. 3338 includes "a person who is not a party to or personally bound by an instrument."

The concept of recordation in the appropriate conveyance or mortgage record has been recently discussed in *Wede v. Niche Marketing USA, LLC*, 10-0243, pp. 9-11 (La. 11/30/10), 52 So.3d 60, 65-66, wherein the supreme court was required to establish the ranking of a judicial mortgage versus a conventional mortgage. The judicial mortgage was recorded first, but was erroneously recorded by the clerk of court's office in the conveyance records rather than the mortgage records.

---

[4]  Louisiana Civil Code Article 3338 was enacted by 2005 La. Acts, No. 169, § 1, eff. July 1, 2006, and replaced La.R.S. 9:2721.

7

In *Wede,* the holder of the judicial mortgage relied on application of La.Civ.Code art. 3347, which provides that "[t]he effect of recordation arises when an instrument is filed with the recorder and is unaffected by subsequent errors or omissions of the recorder. An instrument is filed with a recorder when he accepts it for recordation in his office." The supreme court resolved the dispute in favor of the holder of the conventional mortgage with the following analysis:

> However, this argument figuratively puts the cart before the horse. Twice, Article 3347 speaks to "when" a document gains the effect of recordation. Not at all, however, does Article 3347 speak to the threshold matter of "where" a document must be recorded to gain that effect. But Article 3338, which is addressed to the rights of third parties—the ultimate issue in this case—specifies "where" a document must be recorded to gain effect as to third parties. Specifically, Article 3338 provides a document must be recorded "in the appropriate mortgage or conveyance records," or the instrument is "without effect as to a third person."

> In Article 3338, therefore, there is an emphatic, clear, and absolute imperative that a judicial mortgage is "without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage . . . records." To adopt the judgment creditor's argument that Article 3347 trumps Article 3338 would require this court to interpret Article 3347 to mean that the clerk of court's acceptance of the judgment conferred, not just the effects of recordation, but also "the effect of recordation within the mortgage records." The civilian tradition requires this court to avoid adding the underlined words, or any other words not enacted by the legislature, into Article 3347. *See* LSA-C.C. art. 9.

> Though we find that giving effect to the plain language of Article 3338 resolves the unusual matter before us, our interpretation is supported by other legislative pronouncements. Article 3338 is part of a larger legislative reworking of the law of registry by 2005 La. Acts, No. 169, § 1. Numerous provisions of the civil code and the revised statutes were thereby consolidated. The legislature did not, however, change paragraph C of LSA-C.C. art. 3320: "Recordation has only the effect given it by legislation." The revision comments from the year 1992, when paragraph C of Article 3320 was enacted, speak to the situation at hand and its resolution:

> > Paragraph C of this Article restates three well-established principles. The first is that recordation is only given such effect as the law provides. Louisiana's registry system is not based upon knowledge, actual or implied. A document recorded in the mortgage records

8

has effect as to third persons not because they have or are deemed to have notice of it, but merely because the law provides it has such effect. Conversely, an unrecorded instrument that is required to be recorded has no effect as to third persons, whether or not they are aware of its existence. See Art. 3308. Under that system, to be effective, an instrument also must be filed in the place prescribed by law. **Thus, a mortgage recorded in the conveyance records, or a sale recorded in the mortgage records, is without effect as to third persons**. ... [Emphasis added.]

Thus, because the legislature left intact Article 3320 and the principles espoused in these revision comments when recently revising the law of recordation, we are bound to continue to recognize these principles. *Cf*. LSA-C.C. art. 8 ("Laws are repealed, either entirely or partially, by other laws. A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law. . . .").

*Id*. at 65-66 (footnotes omitted)(alteration in original).

With this analysis in mind, we turn to the consideration of the issue raised on appeal.

In the matter before us, the marsh lease was recorded in the conveyance records of each parish as it should have been, but the named lessor was not the record owner of the property, and the recordation process itself resulted in indexing errors which led to difficulty in discovering the existence of the lease in the public records. The appellants argue that these errors should not matter and that Mr. Litel is not protected by the Public Records Doctrine.

### *Exception of No Cause of Action*

The peremptory exception of no cause of action is provided for in La.Code Civ.P. art. 927(A)(4), and the law governing its application is well settled:

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Darville v. Texaco, Inc.,* 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the

court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Hero Lands Co. v. Texaco, Inc.,* 310 So.2d 93 (La.1975); *Kuebler v. Martin,* 578 So.2d 113 (La.1991).

*Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La. 1993).

We review the grant of an exception of no cause of action *de novo*. *Hebert v. Shelton*, 08-1275 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197.

The well-pleaded allegations of fact in the appellants' original and supplemental petitions establish that when the March 13, 2006 marsh lease was executed, the named lessee did not exist as a legal entity and the named lessor was not the owner of the property. In fact, the lessor was identified in three different ways in the lease: ROGER FERRIS PROPERTIES; JANICE FERRISS OF ROGER FERRISS PROPERTIES; and ROGER FERRISS PROPERTIES.

The marsh lease agreement was recorded in the conveyance records of Calcasieu Parish on May 9, 2007, and in the conveyance records of Jefferson Davis Parish on August 2, 2011. However, in both cases, the local clerk of court's office exacerbated the party identity problem by improperly indexing the lease. In Calcasieu Parish, the clerk's office identified the lessor as "Roger Ferris Properties" instead of "Roger Ferriss Properties"; and in the Jefferson Davis Parish records, the clerk's office identified the lessor as "Janice Ferriss" instead of "Roger Ferriss Properties." In neither parish was the marsh lease indexed under the name of the actual owner of the property, Roger C. Ferriss Properties, Inc. Furthermore, in both parishes, the lessee was identified as Black Water Marshes, Inc., a nonexistent corporation. Thus, when the lease was recorded in the conveyance records of Calcasieu Parish, neither indexed party to the lease agreement existed as a legal entity; and when the lease was recorded in the conveyance records of

10

Jefferson Davis Parish, one of the indexed parties did not exist as a legal entity, and the other could at best be described as "Janice Ferriss d/b/a Roger Ferriss Properties." Although Black Water Marshes, Inc. has never existed, Mr. Lavoi executed articles of incorporation forming Black Water Marsh, LLC on May 3, 2006, and that entity assumed all of the responsibilities under the marsh lease until the sale of the property to Mr. Litel. The original petition filed by Black Water Marsh, LLC asserted as the basis of Mr. Litel's liability the following:

> Upon information and belief, Petitioner alleges that the existence of the lease was communicated to LITEL before the property was purchased by him. Petitioner alleges that LITEL either reviewed a copy of the lease or should have requested a copy of the lease after he became aware of its existence before closing on the property.

In that original petition, Black Water Marsh, LLC further asserted:

> LITEL either (1) had knowledge of the existence of a lease in effect between Petitioner and FERRISS; (2) had seen a copy of the lease; (3) should have insisted on seeing a copy of the lease before closing, or (4) should have found out about the existence of the lease by examination of the public records.

Black Water Marsh, LLC reasserted these facts in its first supplemental and amending petition, and no new assertions were made with regard to Mr. Litel's liability when Gary Lavoi d/b/a Black Water Marshes, Inc., was added as a party plaintiff in the third and final supplemental and amending petition.

We find no merit in the appellants' argument that Mr. Litel was required to take notice of anything outside of the public records in considering their claims under the marsh lease. As pointed out by this court in *Cimarex Energy Co. v. Mauboules*, 09-1170, p. 18 (La.App. 3 Cir. 4/9/10), 40 So.3d 931, 943, "[t]he Louisiana Public Records doctrine generally expresses a public policy that interest in real estate must be recorded in order to affect third persons. Simply put, an

11

instrument in writing affecting immovable property which is not recorded is null and void except between the parties."

Additionally, we do not find that the appellants' attempts at recordation of the marsh lease were effective as against Mr. Litel. As pointed out in La.Civ.Code art. 3353[5]:

> A recorded instrument is effective with respect to a third person if the name of a party is not so indefinite, incomplete, or erroneous as to be misleading and the instrument as a whole reasonably alerts a person examining the records that the instrument may be that of the party.

With that concept in mind, we find that the same rationale as stated in *Wede*, 52 So.3d 60, applies to the matter now before us. That is to say, the inappropriateness of the recordation, ie., the recordation in names which would not appear on a search of the title under the record owner, rendered the recording to be so indefinite, incomplete, and erronerous that it did not reasonably alert a person examining the title of any claim by those parties.

Considering all of the above, we find no error in the trial court's grant of the exception of no cause of action. Additionally, although La.Code Civ.P. art. 934 provides that if the grounds for the exception of no cause of action "may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court," it also provides that "[i]f the grounds of the objection raised through the exception cannot be so removed," the matter should be dismissed. We find that the grounds cannot be removed by amendment and affirm the trial court's dismissal of the action, as well.

---

[5] As a part of the codification of the Public Records Doctrine, 2005 La. Acts, No. 169, § 1, eff. July 1, 2006, the Louisiana Legislature recognized the importance of providing accurate information in recorded instruments and its effect on third parties, and enacted La.Civ. Code art. 3352 which sets forth six categories of information which "shall" be included in a recorded instrument when applicable. While the marsh lease in this litigation fails to include the required information in a number of respects, that Article is not applicable to this litigation because its effective date was after the execution of the marsh lease.

### *Exception of No Right of Action*

It is well settled that "[t]he function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Turner v. Busby*, 03-3444, p. 4 (La. 9/9/04), 883 So.2d 412, 415. In this matter, the trial court found that the appellants had a right to bring the action against Roger C. Ferriss Properties, Inc. and Janice Ferriss, but did not have a right to bring the action against Mr. Litel. Our ruling on the exception of no cause of action precludes a need to address this conflict, and we decline to do so.

### *Exception Concerning Discovery Issue*

In their third and final assignment of error, the appellants assert that the trial court erred in granting the exceptions when discovery depositions were pending. We find no merit in this assignment of error.

The content of a pleading is governed by the provisions of La.Code Civ.P. art. 863 which provides, among other things, that the attorney signing the pleading certifies "that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, . . . [e]ach allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." La.Code Civ.P. art. 863(B)(3).

As previously stated, no evidence can be introduced to support or controvert an exception of no cause of action. La.Code Civ.P. art. 931. That being the case, the merits of the exception must be decided based on the certified pleading and nothing else. Thus, issues of discovery are not relevant to a determination of the

merits of the exception because the evidence discovered could not be introduced to support or controvert the exception.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of the peremptory exception of no cause of action and dismissal of the claims of Black Water Marsh, LLC and Gary Lavoi d/b/a Black Water Marshes, Inc. against Timothy J. Litel. We assess all costs of this appeal against Black Water Marsh, LLC and Gary Lavoi, d/b/a Black Water Marshes, Inc.

**AFFIRMED.**

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
## 13-477


## BLACK WATER MARSH, LLC

## VS.

## ROGER C. FERRISS PROPERTIES, INC., TIMOTHY J. LITEL, AND JANICE C. FERRISS


**PAINTER, Judge, dissenting in part.**

I respectfully dissent from the majority herein.

Firstly, I agree that the trial court correctly granted the exception of no cause of action because the inclusion of a copy of the lease, showing the lessee to be a different entity than the plaintiff named in the petition, clearly and on the face of the petition, indicates the existence of an affirmative defense. However, I disagree with the majority's reference to proof outside the petition and its exhibits in reaching the conclusion that the ground for the objection cannot be removed by amendment. As stated in *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La. 1993): "No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931." Therefore, the matters to which the majority refers with regard to the filing of the lease in the public record are not properly before the court in this regard. As a result, I would find that Plaintiff is entitled be given an opportunity to amend the petition to state a cause of action. La.Code Civ.P. art. 934.

Additionally, I would reverse the trial court's grant of the exception of no right of action.

Plaintiff asserts that Lavoi is the proper party to enforce the lease agreement against Litel and that Litel's exception should not have been granted. Litel contends that the trial court correctly granted his exception of no right of action because he is not bound by the lease. Specifically, Litel contends that because Black Water Marshes, Inc., the purported lessee, was never incorporated, it lacked the capacity to contract. Additionally, Litel contends that because Black Water Marsh, LLC, was never a party to the lease, the entity lacks standing to assert claims against him under the lease and that since Black Water Marshes, Inc. was never incorporated, it had no capacity to contract. Litel asserts that there is no evidence that Lavoi was doing business as Black Water Marshes, Inc. and that Lavoi was merely the agent for a corporation that did not exist. Lavoi argues that his payments on the lease are evidence that he was doing business as Black Water Marshes, Inc. Litel further argues that Lavoi was not a promoter because the corporation in whose name he acquired rights was never formed. Litel further asserts that there was no error at the time of signing of the lease.

Any person, natural or juridical, could have undertaken the payments under the lease on Black Water Marshes, Inc.'s behalf but that person still would not have standing to seek redress under the lease. In other words, the right to enforce the contract is vested with the parties thereto. *See* La.Civ.Code arts. 2668 and 2682, *et seq*. Although Black Water Marsh, LLC, made rental payments to Roger C. Ferriss Properties, Inc., in accordance with the purported lease agreement between Janice Ferriss of Roger C. Ferriss Properties, Inc., and Lavoi of Black Water Marshes, Inc., Black Water Marshes, Inc., the entity named in the lease at issue, would have the right to enforce the lease. Therefore, it appears that the trial court did not err in

granting the exception of no cause of action. However, that the defect complained of may be remedied by amending the pleadings.

Louisiana jurisprudence provides that "[a] corporation not yet in existence cannot be a party to a contract, because [it is] not . . . . 'legally capable of contracting[.]'" *Speedee Oil Change No. 2, Inc. v. Nat'l Union* Fire Ins. Co., 444 So.2d 1304, 1307 (La.App. 4 Cir. 1984). We find, however, that Lavoi may have acted as a promoter when he executed the lease on behalf of Black Water Marshes, Inc., and may have bound himself individually to the terms of the lease.

Louisiana courts have held, generally, that "in the absence of an agreement to the contrary among the contracting parties, promoters and incorporators are also liable individually for the contractual obligations entered into on behalf of the corporation before the corporation is formed whether or not the corporation is subsequently formed." 1 La. Prac. Corp. § 7:219 (2011-2012 ed.), citing R.G *Claitor's Realty v. Rigell*. 06-1629(La.App. 1 Cir. 5/4/07), 961 So.2d 469, *writ denied,* 07-1214 (La. 9/21/07), 964 So.2d 340; *Tomeny v. Boykin*, 391 So.2d 85 , (La.App. 4 Cir. 1980); *Daniel A. Pouwels & Associates, Inc. v. Fiumara*, 233 So.2d 16 (La.App. 4 Cir. 1970); *Folse v. Loreauville Sugar Factory*, 156 So. 667 (La.App. 1 Cir. 1934).

Specifically, the court in *R.G. Claitor's Realty* held that "[p]rincipals of a corporation, such as officers and directors, who enter contracts purportedly on behalf of the corporation, but prior to the corporation's formation, are personally liable on those contracts." *R.G. Claitor's Realty v. Rigell*, 961 So.2d at 472.

The facts in *R.G. Claitor's Realty* are substantially similar to this case. In *R.G. Claitor's Realty*, Bill Rigell of GJR, Ltd., leased office space owned by Claitor Realty. Thereafter, Claitor Realty filed suit to enforce the terms of the lease,

naming Rigell and GJR, Inc. d/b/a Eagle Travel Consultants.as defendants. Claitor

Realty alleged that Rigell was personally liable for the amount owed because at the

time the lease agreement was executed, GJR, Inc., was not incorporated. Rigell

later moved for summary judgment on the basis that he was not personally liable

for GJR's lease obligations because only GJR bound itself as lessee. The trial court

denied the motion. Subsequently, Claitor Realty filed a motion for partial summary

judgment arguing, among other things, that Rigell was personally liable on the

lease. The trial court granted Claitor Realty's motion for summary judgment.

Rigell appealed the judgment, asserting that the trial court erred in finding him

personally liable for the lease obligations of GJR, Inc.

Affirming the trial court's ruling, the first circuit reasoned as follows:

Louisiana Revised Statute 12:26 provides:

A corporation formed under this Chapter shall not incur any debts or begin the transaction of any business, except business incidental to its organization, or to the obtaining of subscriptions to, or payment for, its shares, until the amount of paid-in capital with which it will begin business, if stated in the articles, has been paid in full.

Further, La. R.S. 12:92(A) provides that "[i]f a corporation has transacted any business in violation of R.S. 12:26, the officers who participated therein and the directors shall be liable jointly and severally with the corporation and each other for the debts or liabilities of the corporation arising therefrom." **As such, principals of a corporation, such as officers and directors, who enter contracts purportedly on behalf of the corporation, but prior to the corporation's formation, are personally liable on those contracts.** *See Welch v. Fuhrman*, 496 So.2d 484 (La.App. 1st Cir.1986); *see also South Central Bell Telephone Co. v. Professional Answering Service of Lafayette, Inc.*,527 So.2d 1195 (La.App. 3rd Cir.1988); *Scullin v. Rhoden*, 518 So.2d 1101 (La.App. 5th Cir.1987); and *Tomeny v. Boykin*, 391 So.2d 85 (La.App. 4th Cir.1980).

From our review of the record, we find that Claitor Realty met its burden in establishing that Rigell was personally liable for the lease obligations. **The undisputed evidence, as outlined above, established that Rigell executed the lease agreement on November 30, 1994, on behalf of GJR, Ltd., a corporation that never legally**

**existed. GJR, Inc. was incorporated on February 3, 1995; however, this was approximately two months *after* the execution of the lease agreement. Therefore, in accordance with the law as outlined above, Rigell was personally liable to Claitor Realty under the lease agreement.**

*R.G. Claitor's Realty*, 961 So.2d at 472. (Emphasis added).

Similarly, in the instant case, Lavoi executed the lease agreement on behalf of Black Water Marshes, Inc., a corporation that never legally existed. Lavoi did not incorporate Black Water Marsh, LLC, until several months after the lease at issue was executed. Therefore, because, under La.R.S. 12:92(A) and *R.G. Claitor's Realty,* the courts can hold Lavoi personally liable under the lease that he executed on behalf of Black Water Marshes, Inc., a corporation that did not legally exist, he is the proper party plaintiff to enforce the same lease in the instant lawsuit.

Because Lavoi appears to have bound himself personally to Relators as principal of the non-existent entity, Black Water Marshes, Inc., I would find that Lavoi is the proper party plaintiff in this suit. Accordingly, I would affirm the granting of the exception of no right of action. Further, I would remand so that Plaintiff may be given time to amend its pleadings.